Case No. 25-1845 Tyrelle Henderson Jr v. Kent County, MI et al. Argument not to exceed 10 minutes. Ms. McCoy, you may proceed for the appellant. Good morning, Your Honors. I'm Kellen McCoy on behalf of Mr. Henderson. This case presents a straightforward application of this circuit's recent precedent. In Crump v. Blue, this court held that... Let me ask you, because you only have 10 minutes, so let's get to it. I'm curious. So, in Henderson v. Conrad, the judge says the plaintiff's official capacity claims against Fender Bell are barred by the 11th Amendment and a fail to state a claim upon which relief may be granted. Is it both grounds? If it's both grounds, then it's a strike, right? Yes, Your Honor. In the brief, we discussed whether an 11th Amendment dismissal could also be for failure to state a claim. We think that respecting what the district court said in the first instance is proper here, so we would concede that that could count as a strike. Though, that case also presents a dismissal based on prosecutorial immunity, which renders that case not a strike. Now, why is not prosecutorial immunity a strike? You're saying that's not a strike based on prosecutorial immunity? Yes. So, applying the reasoning of Crump, civil actions in which some claims are dismissed solely on the grounds of prosecutorial immunity do not count as a PLRA strike, because Section 28 U.S.C. 1915 and 1915a repeatedly create four categories that courts can dismiss cases on. The three strike categories, frivolousness, maliciousness, and failure to state a claim, and then a fourth category, if the complaint seeks monetary damages against a defendant who is immune from such damages. But we have authority indicating that a defense based upon absolute prosecutorial immunity is a motion to dismiss under 12b-6, which is a failure to state a claim. Yes. So, in the PLRA, there is a distinct carve-out. They've created it. Now, under normal 12b-6, we agree that prosecutorial immunity is usually litigated under a failure to state a claim. But these dismissals here were under Section 1915. The two dismissals we're talking about were under Section 1915a, the screening statute, which creates four categories. If you look in the judgments in Conrad and County of Kent, they discuss specifically dismissing some claims under 1915a, I believe, b-2, which is immunity. So, in this situation, under the Act, it envisions a carve-out, regardless of the fact that, in other circumstances, immunity-based dismissals are litigated under 12b-6. And, indeed, that's how other cases in this circuit and unpublished decisions have applied crump to other types of immunities that are traditionally litigated under 12b-6. Like in Goods v. Daly and in Jones v. Lindbury, both unpublished opinions. Last year, the Court applied crump to absolute judicial immunity, which is traditionally litigated under 12b-6, and concluded that that render case is not a strike. So, as I understand your position, if we disagree with you that a prosecutorial immunity dismissal, if we believe that is a failure to state claim for purposes of the statute here, then you lose. No, Your Honor. You need to accrue three strikes to be denied IFP status, even if we disagree about Conrad. There's still only two strikes here because County of Kent contains a very clear dismissal on the basis of 11th Amendment immunity. There's none of that extra language from Conrad, and for failure to state a claim, and so that is not a strike. Well, County of Kent, I think you're talking about the fact that there was an 11th Amendment dismissal in that case. But doesn't that just go to the remedy, not to whether or not there's a statement? I mean, there was a dismissal in County of Kent of the individual claims against the prosecutors based upon prosecutorial immunity, right? Yes. And if I view that as a failure to state a claim, doesn't that also necessarily knock out the official capacity claim also? Because don't you also have to prove – prosecutorial immunity is a defense to both an individual claim and an official capacity claim, isn't it? Prosecutorial immunity is a defense to individual capacity claims. But it could also be a defense for official capacity, couldn't it? I'm not aware of that. I believe so. Because normally you don't get to it because you just deal with it on the level of there being no – that there's official immunity. But for whatever reason the government wanted to raise the merits of the claim and to dismiss on that ground, they could still dismiss an official capacity claim based upon prosecutorial immunity, couldn't they? Well, I think what matters here, Your Honor, is they didn't. Well, but logically the opinion dismisses the individual capacity claim based upon prosecutorial immunity. So there is a finding by the district judge that there is – prosecutorial immunity applies. So that's a failure to dismiss the claim – or a failure to state a claim. So why doesn't logically that carry over to the official capacity claim also and dismiss that one based upon failure to state a claim? Granted, the court also said that there's – you didn't meet the requirements of injunctive relief under an official capacity claim. But the court has also made a finding in the individual capacity claim that – or aspect of the claim that there was not a claim stated. Well, I'll give you two answers to that, Your Honor. First, they dealt with the claims separately. Whether or not some of the reasoning could apply to another, the court there distinctly dismissed some claims on the grounds of Eleventh Amendment immunity. And I think we want to respect what the district court said there in the first instance when we're considering why they dismissed a claim. But also we would push back as obviously one of our major arguments is immunity dismissals based on prosecutorial immunity are not PLRA strikes. They're specifically and repeatedly carved out in the Act. And so both of those immunity-based dismissals do not count as PLRA strikes. So whether one applies to the other. But there is a dismissal there solely based on Eleventh Amendment immunity. And I think we're reviewing the bases that the court gave for the strike. Okay. The two kind of 1915A and 1915 together, I mean, they repeatedly discuss four categories of dismissals, then remove one later. And we assume that Congress acted intentionally and purposely there. It's true, as you've brought up, that prosecutorial immunity-based dismissals are often litigated under 12b-6 in general litigation. Here the kind of specific provision governs the more general one. That's a kind of normal canon of statutory interpretation. And the fact that this is this repeated carve-out that discusses immunity-based dismissals I think matters here. And it matters to Congress's intent. Does anyone else have any questions? Okay. Do you have anything else you want to add? No, I'll just add that I think they said it best in an unpublished opinion yesterday in Jones v. Lindbury. That a dismissal based on immunity does not count as appeal or a strike. That was an unpublished opinion. We think that that rendering of Crump and that reading was accurate. And so we would respectfully ask that the court vacate the district court's decision below. Okay. Thank you very much. We'll take the case under advisement.